**Youlande CARRIER, Russell Houde and Raymond Joubert**

v.

**PERSONNEL APPEAL BOARD.**

No. 97–221–A.

Supreme Court of Rhode Island.

Oct. 24, 1997.

Joel D. Landry, Providence.

Vincent F. Ragosta, Robert Fine, Susan Huntley, Providence.

**ORDER**

This matter is here on the plaintiffs' appeal from a Superior Court order affirming the decision of the Personnel Appeal Board that it did not have jurisdiction to hear the plaintiffs' appeal.

In this case the plaintiffs were classified employees of the Narragansett Bay Water Quality Management District Commission (NBC). In 1991, as a result of a merger between the Blackstone Valley District Commission and the NBC, the plaintiffs were notified to make an election to become either non-classified employees of the NBC or to exercise an option to obtain equivalent employment elsewhere in state government. The plaintiffs failed to make their election, and on January 18, 1994, they were notified by the NBC that they would be considered non-classified employees.

On February 22, 1994, the plaintiffs appealed the commission's action to the Personnel Appeal Board which dismissed the appeal for lack of jurisdiction. The plaintiffs then appealed the matter to the Superior Court pursuant to the provisions of G.L.1956 (1993 Reenactment) § 42–35–15. On May 10, 1996, a trial justice rendered a written decision affirming the board's decision. Thereafter, the plaintiffs filed the instant appeal.

We conclude that a direct appeal is not the proper method to review a final judgment rendered in proceedings under § 42–35–15. Pursuant to § 42–35–16, the proper procedure to review a final judgment rendered in proceedings under § 42–35–15 is to petition this court for a writ of certiorari. *Hamaker v. Gagnon,* 110 R.I. 709, 297 A.2d 351 (1972).

Because plaintiffs have failed to seek review in accordance with § 42–35–16, their appeal is denied and dismissed. The papers of the case may be remanded to the Superior Court.